## Giles Merrill *et al. versus* Joseph Hunnewell.

Where nine arches of bricks in a kiln containing a larger number, were assigned as collateral security for a debt, but were not separated from the rest of the kiln nor specifically designated, and after the assignor had, by subsequent sales, reduced the number of arches to less than nine, the remaining bricks were attached at the suit of another creditor of the assignor, it was *held*, that the assignee took no property in the bricks and could not maintain trespass against the attaching officer.

Trespass for taking and carrying away 100,000 bricks, in September 1829. The defendant justified, as a deputy sheriff, the supposed taking, having attached the bricks as the property of one Griffin, by virtue of original writs in favor of two creditors of Griffin.

At the trial, before *Wilde* J., the plaintiffs, (Merrill and Burbank,) to prove their property in the bricks, produced in evidence a written agreement made between them and Griffin on August 17, 1829, wherein Griffin "assigns, transfers and delivers to them nine holes or arches of the bricks in his kiln in Charlestown, to be held as collateral security for the payment of the debts aforesaid, and the said Merrill and Burbank agree to hold the said bricks as collateral security, and in default of payment of the debts aforesaid, to sell the bricks aforesaid as soon as may be, and to pay over to said Griffin the surplus, if any, after payment of the debts aforesaid. And it is further agreed, that until default of payment on demand, the said bricks shall be and remain in the possession of the said assignor."

The subscribing witness testified, that this agreement was executed by the parties to it, on the day of its date, at the

house of Merrill, about 30 or 40 rods distant from Griffin's brick-yard, where nothing else was done or said by them, except that it was agreed that the transaction should be kept secret. This witness also testified, that Merrill had a brick-yard a few rods from Griffin's, and that in going from Merrill's brick-yard to his house they passed Griffin's brick-yard several times in a day, and that Merrill had more than once, in passing, taken up one or more of the bricks in Griffin's yard, and on one occasion remarked to the witness that he had got a good ' burn on his bricks. This was not done in the presence nor with the knowledge of Griffin, nor did Merrill go to Griffin's yard on purpose to do so.

The defendant put his defence upon two grounds, one of which was, that the assignment by Griffin to the plaintiffs was fraudulent and void as against Griffin's creditors, and could not defeat the attachments, because there was no delivery to the plaintiffs, nor had they at any time either actual or constructive possession.

In support of this ground it was proved, that Griffin signed the agreement with the plaintiffs at Merrill's house, as before mentioned, and that nothing else was done and nothing said, except that the whole matter should be kept secret, and that Griffin should go on with his business as though nothing had been done, and that he should pay the plaintiffs' demand as fast as he could. They were not in sight of Griffin's brick-yard at the time of this transaction, nor was there at that or any other time any delivery of the bricks, nor did the assignees at any time obtain possession of them or any part of them, with the consent or knowledge of Griffin.

At the time of executing the agreement, Griffin had upon his yard one kiln of unburnt bricks nearly set up, and one kiln burnt, four or five arches of which had been broken in upon and partly carried away, and there were ten or more arches unbroken.

Griffin continued his business as usual, selling and delivering bricks from this burnt kiln until the 14th of September, 1829, when the defendant came to his brick-yard, with the writs before mentioned, and requested him to point out such property as belonged to him. Griffin showed the defendant the remain-

mg burnt bricks, which at that time were reduced to four or five arches. These were attached, and were sold in due course of law to satisfy the judgments recovered on the writs.

The money arising from the various sales of bricks from this kiln, between the time of the assignment and the date of the attachment, Griffin appropriated to suit his own convenience.

The plaintiffs did not demand of Griffin possession of the bricks, nor payment of the claims for which they were supposed to be mortgaged, before the attachment.

*Hoar* and *L. S. Cushing*, for the plaintiffs, did not concede, that under the agreement between the plaintiffs and Griffin, an actual delivery was necessary, it not being an absolute sale ; but they contended that there was sufficient evidence of an actual delivery. *Vincent* v. *Germond*, 11 Johns. R. 283 ; *Lanfear* v. *Sumner*, 17 Mass. R. 110 ; *Gould* v. *Ward*, 4 Pick. 104 ; *Parks* v. *Hall*, 2 Pick. 206 ; *Shumway* v. *Rutter*, 7 Pick. 58.

*B. R. Nichols* and *P. Willard*, for the defendant, cited *Ryall* v. *Rolle*, 1 Wils. 260 ; *Portland Bank* v. *Stubbs*, 6 Mass. R. 425 ; *Carrington* v. *Smith*, 8 Pick. 419 ; *Gale* v. *Ward*, 14 Mass. R. 357 ; *Tucker* v. *Buffington*, 15 Mass. R. 480 ; *Sturtevant* v. *Ballard*, 9 Johns. R. 343 ; *Allen* v. *Smith*, 10 Mass. R. 308 ; *Shumway* v. *Rutter*, 7 Pick. 56, and 8 Pick. 143 ; *Jewett* v. *Warren*, 12 Mass. R. 302 ; *Young* v. *Austin*, 6 Pick. 280.

*Per Curiam.* Several of the questions which have been discussed in this case, the Court consider it unnecessary to determine, because we think the plaintiffs have failed in the first step of their case. The action being trespass *de bonis asportatis*, the plaintiffs are bound to show a right of property, general or special, in the bricks. The bill of sale on which they rely is of nine holes or arches of the bricks in a kiln in Charlestown. It appears by the report, that Griffin had upon his yard, one kiln of unburnt bricks nearly set up, and one kiln burnt, of which ten or more holes or arches remained unbroken. There is nothing in the bill of sale to determine whether it was a part of the burnt or the unburnt kiln, that was sold ; but supposing the burnt bricks were intended, still it was a part only of a larger mass, not delivered, not specifically designated,

*Merrill*
*v.*
*Hunnewell*

*Oct. 17th.*

*April term*
*1833,*
*at Concord.*

and of which there is nothing to identify or specify any particular part. Until such designation or separation pursuant to the contract, no property passed, and the case is within the principle settled in *Young* v. *Austin*, 6 Pick. 280.

                                           *Plaintiffs nonsuit.*